JoNES, Judge,
delivered the opinion of the court:
On October 8, 1931, plaintiff executed a contract with the War Department to furnish all labor and materials and to perform all work in coimection with bank protection and a levee setback in a diversion canal of the Little River Drainage District near Cape Girardeau, Missouri.
The details are set out in the special findings of fact and will not be repeated here.
The single issue is whether the plaintiff is entitled to recover alleged excess cost of materials used in constructing mattresses. The mattresses are used to protect the banks from erosion and damage resulting from the current of the stream. The type here used was known as a lumber mattress, being composed of planks interwoven and secured by wire ties and nails. One end of the mattress was placed above normal high-water mark and the mattress then ran down the river bank so that the other end was near the channel of the river.
■ In the drawings was an illustration showing the construction detail of a mattress. In the lower left-hand corner of this drawing there appears the following schedule:

Materials required! under average conditions

*184 Plaintiff used more materials in the actual construction of the squares of mattress chan were set out in the plate or illustration. It asks for recovery of the cost of the excess materials used, claiming it had the right to rely on the schedule set out in the drawings as to the amount of materials required for the construction of the average mattress for this particular contract.
Defendant pleads that the plate or drawing was not an estimate for the particular contract but was designed to illustrate a typical or average requirement of materials for ordinary mattress building; that the specifications showed that the mattresses to be constructed in this contract would require more material than shown in the illustration; that the contract provided that in the event of conflict between drawing and specifications the specifications should govern; and that due to its inexperience plaintiff used more materials than were necessary.
In the facts and circumstances of this case plaintiff is not entitled to recover.
Article 2 of the contract contains the following language:
Article 2. Specifications and \drawings. — The contractor shall keep on the work a copy of the drawings and specifications and shall at all times give the contracting officer access thereto. Anything mentioned in the specifications and not shown on the drawings, or shown on the drawings and not mentioned in the specifications shall be of like effect as if shown or mentioned in both. In case of difference between drawings and specifications, the specifications shall govern. * * *
The specifications showed that more materials would be required for construction in this area than were set out in the conventional illustration which was applicable to average conditions. The specifications set out the requirements in great detail. While it is probable that the data and information contained in the specifications were not sufficient to permit exact determination of the amount of materials required to fulfill the contract, they were sufficient to enable one experienced in this type of construction to approximate the amount with a reasonable degree of accuracy. The illustration in the drawing was the standard one inserted in *185 all contracts primarily to show the type of construction desired. It applied to average conditions rather than to any particular project. By the terms of the contract it was modified by and subject to the specifications. This was necessary to meet the actual requirements of differing conditions.
In view of the plain wording of the contract these specifications must govern. Certainly in the light of the provisions of the contract and the definite requirements of the specifications a mere informative illustration shown in the drawings cannot be treated as a warranty that no more materials would be required than indicated for the type shown in the illustration. This is especially true when such a construction would be in the very teeth of both the contract and the specifications.
Plaintiff was inexperienced in this kind of construction. Admittedly it did not consider the specifications in submitting its bid. Nor did it include the cost of stone. The District Engineer upon opening the bids recognized by the low figures submitted that an error had been made and called plaintiff’s attention to the omission. After negotiations the defendant paid for the stone which had not been included in the formal bid.
It is also apparent from the evidence that plaintiff used more materials than were necessary, due to overlapping of planks, and that its employees and workmen through lack of knowledge of mattress construction, used unnecessary amounts of wire for tying purposes and larger sized nails than the specifications called for. For these reasons the evidence is somewhat confusing as to just what amount of the materials used was necessary. However, in view of the terms of the contract and specifications and plaintiff’s undertaking to furnish all necessary materials, this becomes unimportant.
Accordingly the petition is dismissed.
It is so ordered.
Madden, Judge; Whitaker, Judge; Littleton, Judge; and Whaiey, Chief Justice, concur.